## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ESTATE OF ELLIOTT NAYTHAN FUNKHOUSER, SR.** | : | |
| **BY AND THROUGH DIANE MARIE FUNKHOUSER** | : | **CIVIL ACTION** |
| **ADMINISTRATOR OF THE ESTATE OF** | : | **No.:** |
| **ELLIOTT NAYTHAN FUNKHOUSER, SR.** | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| | : | **JURY TRIAL** |
| **DELAWARE COUNTY** | : | **DEMANDED** |
| 201 West Front Street, Media, PA 19036 | : | |
| **and** | : | |
| **GEO GROUP, INC.** | : | |
| 4955 Technology Way | : | |
| Boca Raton, FL 33431 | : | |
| **and** | : | |
| **JAIL OVERSIGHT BOARD OF DELAWARE** | : | |
| **COUNTY PENNSYLVANIA** | : | |
| 500 Cheyney Road Thornton, PA 19373 | : | |
| **and** | : | |
| **GEORGE W. HILL CORRECTIONAL FACILITY** | : | |
| 500 Cheyney Road Thornton, PA 19373 | : | |
| **and** | : | |
| **KEVIN MADDEN** | : | |
| Individually and through his official capacity, | : | |
| As Delaware County Councilman and Chair of the | : | |
| Jail Oversight Board | : | |
| 201 West Front Street, Media, PA 19036 | : | |
| **and** | : | |
| **LAURA WILLIAMS** | : | |
| Individually and through her official capacity, | : | |
| Warden, George Hill Correctional Facility | : | |
| 500 Cheyney Road Thornton, PA 19373 | : | |
| **and** | : | |
| **MICHAEL MOORE** | : | |
| Individually and through his official capacity, | : | |
| Classification Counsel, George Hill Correctional Facility | : | |
| 500 Cheyney Road Thornton, PA 19373 | : | |
| **and** | : | |
| **LT. SEAN GALLAGHER** | : | |
| Individually and through his official capacity, | : | |
| Lieutenant of the George Hill Correctional Facility | : | |
| 500 Cheyney Road Thornton, PA 19373 | : | |
| **and** | : | |

**JOHN DOE**                                          **:**
Individually and through his official capacity,       **:**
Supervisor of Classification Counsel,                 **:**
George Hill Correctional Facility                     **:**
500 Cheyney Road Thornton, PA 19373                   **:**

**Defendants.**

---

## COMPLAINT

This case involves the strangulation death of 54-year-old Elliott Naythan Funkhouser, Sr., ("Elliott Funkhouser", "Plaintiff" and/or "Mr. Funkhouser") who was being held in the George Hill Correctional Facility beginning in early April, 2022, for a probation violation. On April 22, 2022, Mr. Funkhouser was placed in a cell with inmate Shad Murray Boccella, who had mental infirmities and known to be a danger to others. Despite guard requests and warnings not to place Funkhouser in a cell with Boccella, Funkhouser was placed in a cell with Boccella, who strangled Funkhouser to death. This case seeks justice and damages for the tragic and unnecessary death of Elliott Naythan Funkhouser, Sr., when the defendants recklessly disregarded the known dangers of placing Funkhouser in a cell with Shad Murray Boccella, who had a history of mental disorders and violent tendencies and should not have been in a cell with any other inmates.

## JURISDICTION

1.      This action is brought pursuant to 42 U.S.C. §1983 and the Fourteenth (14th) Amendment to the United States Constitution.

2.      Jurisdiction is founded on 28 U.S.C. §§1331 and 1343(3) and the aforementioned statutory and constitution provisions.

3.      Jurisdiction lies over state law claims based on the principles of supplemental jurisdiction, as codified at 28 U.S.C. §1367.

4.      The amount in controversy exclusive of interest and costs exceeds the sum of One Hundred and Fifty Thousand Dollars ($150,000.00).

## VENUE

5.      All of the claims herein arose within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and involve Defendants who either resided or conducted business within the jurisdictional limits. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. §1391(b) and (c).

## PARTIES

6.       Plaintiffs in this matter are the Estate of Elliott Naythan Funkhouser, Sr., by and through Diane Funkhouser, the Administrator of the Estate of Elliott Naythan Funkhouser, Sr.

7.      Diane Funkhouser was the cousin of Elliott Naythan Funkhouser, Sr., and currently resides at 505 Langford Road Broomall, Pa 19008.

8.      Defendant, Delaware County, is a county and political subdivision, organized by and through the Commonwealth of Pennsylvania, with a business address of 201 West Front Street, Media, PA 19036.

9.      Defendant, Delaware County and its Council are empowered by the Commonwealth of Pennsylvania law to operate and maintain the George Hill Correctional Facility, located in Delaware County, PA.

10.     Defendant, GEO Group, Inc., ("GEO Group"), is a Florida corporation, acting under color of state law and authorized by Delaware Count to do so, managed

and/or operated the subject prison in the year 2022, until April 6, 2022, and was responsible for the management of the George Hill Correctional Facility located at 500 Cheyney Road, Thornton, PA 19373 during that time period. GEO Group's headquarters are located at 4955 Technology Way, Boca Raton, FL 33431.

11.     Defendant, Jail Oversight Board of Delaware County Pennsylvania (hereafter "Jail Oversight Board") is located at 500 Cheyney Road, Thornton, PA 19373 and has a mailing address of P.O. Box 23 Thornton, PA 19373.

12.     The Jail Oversight Board's administrative powers and duties include the operation and maintenance of the George Hill Correctional Facility and all associated alternative housing facilities, the oversight of the health and safekeeping of inmates and the confirmation of the Executive Director's selection of a Warden.

13.     The Jail Oversight Board is required to ensure the jail is being operated in accordance with its regulations and the laws and regulations of the Commonwealth of Pennsylvania and of the United States of America.

14.     Defendant, George W. Hill Correctional Facility is the county correctional center for Delaware County, Pa.

15.     Defendant, George W. Hill Correctional Facility is the primary facility where adults are held after arrest, while awaiting trial, or when serving a county sentence of fewer than two (2) years.

16.     Defendant, Kevin Madden, is on the Delaware County Council and is chairman of the Jail Oversight Board.

17. Defendant, Kevin Madden, as chair of the jail oversight board, had policymaking authority over corrections officers, staff and administration in the George W. Hill Correctional Facility.

18. Defendant, Laura Williams, at all times relevant hereto, was an adult individual, citizen, and resident of the Commonwealth of Pennsylvania, and was the George Hill Correctional Facilities' Warden employed by and acting in her capacity as the agent, servant and employee of either Defendant Delaware County and/or Defendant Geo Group.

19. Defendant, Laura Williams, was empowered to enforce law, rules, regulations, policies and procedures in the George W. Hill Correctional Facility.

20. Defendant, Laura Williams, was empowered to take official state action in her day-to-day tasks which included the administration and operation of the George W. Hill Correctional Facility.

21. At all times relevant, Defendant, Laura Williams, was an official of Defendant, Delaware County, and was acting under color of state law.

22. At all times relevant, Defendant, Laura Williams, performed her actions while clothed with the authority of the state.

23. At all times relevant hereto, Michael Moore, was an adult individual, citizen, and resident of the Commonwealth of Pennsylvania, and was employed by either Defendant Delaware County and/or Defendant GEO Group, working as an employee located at the George Hill Correctional Facility.

24.    Defendant, Michael Moore, was empowered to take official state action in his day-to-day tasks which included the administration services and operation of the George W. Hill Correctional Facility.

25.    At all times relevant, Defendant, Michael Moore, was an official of Defendant, Delaware County, and was acting under color of state law.

26.    At all times relevant, Defendant, Michael Moore, performed his actions while clothed with the authority of the state.

27.    Defendant, Lt. Sean Gallagher, is an adult individual, citizen and resident of the Commonwealth of Pennsylvania, and was employed as a Lieutenant of the George W. Hill Correctional Facility, who was empowered to enact and carry out official policies and was a supervisor of the correctional officers in the George W. Hill Correctional Facility.

28.    Defendant, Sean Gallagher, was empowered to take official state action in his day-to-day tasks which included the supervision of staff of the George W. Hill Correctional Facility.

29.    At all times relevant, Defendant, Sean Gallagher, was an official of Defendant, Delaware County, and was acting under color of state law.

30.    At all times relevant, Defendant, Sean Gallagher, performed his actions while clothed with the authority of the state.

31.    At all times relevant hereto, John Doe, was an adult individual, citizen and resident of the Commonwealth of Pennsylvania, and was employed by either Defendant Delaware County and/or Defendant GEO Group, working as an employee located at the George Hill Correctional Facility as the supervisor of Defendant, Michael Moore.

## **FACTS**

### **NON-PARTY SHAD MURRAY BOCCELLA HISTORY**

32.     Non-Party, Shad Murray Boccella, is currently charged with the murder of Elliott Funkhouser, Sr., Delaware County Docket Number CP-23-CR-3377-2022, currently listed for a trial in the Delaware County Court of Common Pleas for August 5, 2024.

33.     Prior to the murder/killing of Mr. Funkhouser, Mr. Boccella was already incarcerated in the George Hill Correctional Facility, beginning on February 5, 2022, stemming from an arrest relative to Delaware County Common Pleas Docket Number CR-870-2022.

34.     While incarcerated, Mr. Boccella's counsel filed on or about March 21, 2022, an Application for a Competency Examination.  Said Application was granted on March 25, 2022.

35.     At the time of Mr. Boccella's initial arrest and the Competency Examination Order, Defendant GEO Group, was the manager and/or operator of the George Hill Correctional Facility.

36.     It is believed and therefore averred that Mr. Boccella has a past history of violent tendencies.

37.     It is believed and therefore averred that there existed instructions and/or warnings relative to Mr. Boccella, that he was not to be housed with fellow inmates, due to his predilection for violence.

## ELLIOTT NAYTHAN FUNKHOUSER, SR. INCARCERATION

38.     On April 3, 2022, Elliott Funkhouser, was arrested due to a parole violation on Delaware Criminal Docket Number 6491-2013.  The underlying arrest has a docket number of MJ-32127-CR-85-2022, said docket has now been classified as "limited access."

39.     Pending the disposition of the underlying charges and parole violation, Mr. Funkhouser was placed in incarceration at the George Hill Correctional Facility, located at 500 Cheyney Road, Thornton, PA 19373.

40.     At the time of Mr. Funkhouser's arrest, Defendant GEO Group was the operator or managing entity of the George Hill Correctional Facility.

41.     On April 6, 2022, Defendant GEO Group ceased management of the George Hill Correctional Facility, with Delaware County taking control of the management and operation of the incarceration facility.

42.     At some point after his incarceration on April 3, 2022, contrary to the written instructions that Mr. Boccella was not to share a cell with another inmate, Mr. Funkhouser was placed in a cell with Shad Murray Boccella.

43.     Discovery is necessary to determine if Mr. Funkhouser's placement occurred prior to or after April 6, 2022.

44.     Defendant, Michael Moore, at all times relevant herein was working as the "classification counsel" at the George Hill Correctional Facility, who was in charge of placement of inmates in their respective cells.

45.     Defendant, John Doe, at all times relevant herein was working as the supervisor of Defendant, Michael Moore, who was also employed at the George Hill Correctional Facility, and in charge of placement of inmates in their respective cells.

46.     It is believed and therefore averred, that Defendants, Michael Moore and John Doe, were aware of the warning that Shad Murray Boccella was not to be housed with any other inmates, and contrary to this warning, intentionally disregarded the warnings of Boccella's mental health issues and dangerous proclivities and placed Mr. Funkhouser into a cell with Mr. Boccella.

### ELLIOTT NAYTHAN FUNKHOUSER, SR. DEATH

47.     On or about April 22, 2022 correctional officers, Edward Collins and Fred Pascale, found Elliott Funkhouser, Sr., lying facedown on the bottom bunk of his cell wrapped very tightly in sheets and blankets.

48.     Mr. Funkhouser was unresponsive and cold to the touch, later to be deemed dead, with a cause of death listed as ligature strangulation.

49.     The correctional officers noted that they believed a sheet found on Mr. Funkhouser's chest was formed to make a "noose", with Mr. Funkhouser having a red mark around his neck and blood on his mouth.

50.     It is believed and therefore averred, that Mr. Boccella admitted to strangling Mr. Funkhouser, and that subsequent to the strangulation Mr. Boccella took Mr. Funkhouser's shoes.

51.     The George Hill Correctional Facility staff, which was operated by Defendant Delaware County after April 6th, 2022 and Defendant GEO Group prior to April 6th, 2022, both failed to adhere to standard policy, practices and overt warnings not to

place inmate Shad Murray Boccella in a cell with any other inmate due to his violent tendencies.

52.     At the time of placing Elliott Funkhouser and Shad Murray Boccella in the same cell, Defendants knew or should have known that there was an increased risk of physical violence.

53.     At the time of placing Elliott Funkhouser and Shad Murray Boccella in the same cell, Defendants knew or should have known that Shad Murray Boccella was suffering from mental illness and/or disorders and/or had a predilection for violent tendencies toward others including cell-mates.

54.     Despite the duty to do so, the defendants took no precautionary actions to ensure that Elliott Funkhouser would not be harmed by his fellow inmate, Shad Murray Boccella.

55.     Despite the facilities own policies and practices, either while under the management of Defendant Delaware County or GEO Group, the facility failed to take any precautionary action to ensure that Shad Murray Boccella did not harm any other inmates, including Elliott Funkhouser.

56.      Defendants, including Defendants, Delaware County and GEO Group, had no administrative structure, organization, policies and procedures to ensure that an inmate such as Shad Murray Boccella would not harm another inmate, including but not limited to, access to mental health care, intake screening, interviewing incoming detainees, monitoring of cells, and had inadequate staff training.

57.     The lack of these procedures and policies and/or alternatively, if the policies and procedures existed, the lack of implementation and enforcement because of custom

and habit of not following and enforcing these policies and procedures was a contributing factor to the death of Elliott Funkhouser.

58.     Had the Defendants listened to their own internal recommendation/warnings and not placed Elliott Funkhouser in a cell with Shad Murray Boccella, then Mr. Funkhouser would still be alive today.

59.     Defendants intentionally and willfully failed to and/or ignored any risk assessment concerning, but not limited to, the risk that Shad Murray Boccella would harm other inmates.

60.     Defendants' failure to perform and/or willingness to ignore any intake or assessment was intentional, deliberate, indifferent, reckless and grossly negligent.

61.     Defendants, each of them, acted with reckless indifference to the threat posed by Shad Murray Boccella as it related to Elliott Funkhouser.

62.     Elliott Funkhouser did not die immediately but suffered emotional and physical pain before dying.

63.     Defendants deprived Elliott Funkhouser of his basic rights, liberty and life.

64.     Defendants denied Elliott Funkhouser the care and dignity required to be afforded to all humans, despite being incarcerated.

65.     Had defendants simply performed or followed their own assessment as to the threat posed by Shad Murray Boccella, then the loss of Elliott Funkhouser's life could have been avoided.

66.     The defendants' failure to protect Elliott Funkhouser from the violent tendencies of Shad Murray Boccella, that were known or should have been known, is not

only reckless and grossly negligent, but indicative of extreme cold-heartedness and indifference to obvious needs of inmates entrusted to their charge.

67.    The overall structure and organization and lack of implementation of any policy by Defendants to assess the risk of inmates, such as Shad Murray Boccella, to harm to other inmates in their exclusive custody and control was grossly reckless and deliberately indifferent to the health needs, and safety and well-being needs of Elliott Funkhouser.

68.    Ensuring inmate protection from other inmates is the responsibility of the administrative and custodial staff including specifically the above-named Defendants.

69.    Defendants failed to train their staff in any regard whatsoever concerning the risk posed by mentally unstable and/or violent inmates, such as Shad Murray Boccella.

70.    The aforementioned actions and inactions by Defendants were a factual cause of the death of Elliott Funkhouser.

71.    Defendants were reckless and grossly negligent in failing to provide custodial supervision and monitoring.

72.    Defendants failed to communicate and confer with each other regarding observations and interactions with Shad Murray Boccella sufficient to alert others of a heightened need for monitoring Mr. Boccella so that he did not pose a threat to other inmates.

73.    Defendants, each of them, failed to act within the scope of routine and current jail practices by failing to protect Elliott Funkhouser

74.     Defendants failed to prioritize the most important primary aspect of an inmate's detention, their safety.

75.     Defendants failed to assign turnkey personnel to monitor video feed of the cell housing inmates Elliott Funkhouser and Shad Murray Boccella.

76.     Defendants failed to keep a log of visual and personal checks and observations of the cell housing inmates Elliott Funkhouser and Shad Murray Boccella.

77.     Defendants, Delaware County and/or GEO Group, supported, facilitated and caused a violation of Elliott Funkhouser's constitutional rights through their acts, inaction, executed policy, regulation and officially adopted decisions or informally adopted customs which inflicted transgressions upon the constitutional rights of Elliott Funkhouser.

78.     Defendants, Delaware County and GEO Group, fostered an atmosphere and custom of failure to follow protocols required for detainees and/or inmates.

79.     The correctional facility officers and other agents, employees, and/or workmen, including classification counsel of Defendants, Delaware County and/or GEO Group, were or should have been trained to recognize signs and information that may indicate that an incarcerated individual, such as Shad Murray Boccella, was at an increased risk of harming other inmates, such as Elliott Funkhouser, and taken precautionary measures or recommended that they be taken.

80.     Defendants were grossly negligent and reckless in their failure to monitor and care for Elliott Funkhouser as a cell mate of murderer Boccella.

81.     Defendants failed to accommodate Shad Murray Boccella, in his condition and crisis, by a failing to monitor his condition, failure to monitor his placement in a cell,

and failure to place Mr. Boccella in a cell by himself, in order to eliminate the threat he posed to other inmates, such as Elliott Funkhouser.

82.  At all times material hereto, Defendants had a duty to act to prevent inmates from harming other inmates within their custody, by and through measures including appropriate placement of inmates, sensitivity, communication, surveillance, supervision, referrals.

83.  Elliott Funkhouser's death was preventable, had Defendants exercised any caution or care for Mr. Funkhouser, while he was under their care, custody and control, including not placing Mr. Funkhouser in a cell with Shad Murray Boccella.

84.  The injuries and damages suffered by Elliott Funkhouser and Plaintiffs were directly and proximately caused by the acts and/or omissions of Defendants, jointly and severally, individually, or by and through their agents, servants and/or employees.

85.  The acts and/or omissions of all Defendants, jointly and severally, directly factually and proximately caused and/or increased the risk of harm and death suffered by Elliott Funkhouser.

86.  As a direct and proximate result of the negligence of all Defendants, jointly and severally, as well as the negligence of their agents, servants, and/or employees, Elliott Funkhouser was caused to experience damages which included the following:

a.  Pain and suffering.
b.  Emotional trauma.
c.  Fear and fright.
d.  Humiliation and embarrassment.
e.  Economic loss.
f.  Wage loss and loss of future earning capacity.
g.  Medical bills and funeral expenses.
h.  Loss of Life/Death.

**COUNT I**
**CIVIL RIGHTS – 42 U.S.C. §1983**
**STATE CREATED DANGER AND DELIBERATE INDIFFERENCE CLAIMS**
<u>**Plaintiffs v. All Defendants**</u>

87.     Plaintiffs incorporate the foregoing paragraphs as though fully set forth herein at length.

88.     The grossly negligent and reckless conduct of Defendants, each of them, as set forth above, acting under color of state law, harmed Plaintiff as set forth in this complaint.

89.     The defendants were grossly indifferent to the safety, health, medical, bodily integrity, and well-being needs of Elliott Funkhouser.

90.     The defendants consciously disregard the substantial and/or unjustifiable risk of harm to Elliott Funkhouser and was so egregious as to shock the conscience.

91.     The conduct of Defendants as set forth above violated Elliott Funkhouser's constitutional rights while in pre-trial custody, particularly rights to be free from cruel and unusual punishment, rights to be free from state created danger, and to substantive and procedural due process, as guaranteed to pre-trial detainees by the Fourteenth Amendment of the United States Constitution, and as remediable pursuant to 42 U.S.C. §1983.

92.     The conduct of Defendants acting under cover of law, created a dangerous situation by willfully disregarding the safety of Elliott Funkhouser thereby causing foreseeable and direct harm to his life liberty and pursuit of happiness.

93.     The conduct of Defendants acting under cover of law was reckless and grossly negligent as aforesaid.

94.     Defendants' affirmative actions as described above were an exercise and misuse of Defendants' authority in a way that created danger to Elliott Funkhouser and rendered him more vulnerable to danger, which danger in fact occurred resulting in his death.

95.     The conduct of Defendants as set forth above violated Elliott Funkhouser's constitutional rights while he was in custody as specified:

    a.   His right to be free from deliberate indifference to the substantial risk of harm.

    b.   His rights pursuant to the due process clause of the Fourteenth Amendment to the United States Constitution.

    c.   His right to be free from deliberate indifference to his serious safety needs, health needs, bodily integrity and well-being needs.

    d.   His rights to substantive and procedural due process as guaranteed by the Fourteenth Amendment of the United States Constitution.

    e.   His right to be free from state created danger pursuant to the due process clause of the Fourteenth Amendment of the United States Constitution; and

    f.   His right to be free from danger and harm caused by another inmate, of which the Defendants were aware or should have been aware had violent tendencies toward cell-mates.

96.     As a direct and proximate result of the acts and omissions of all individual Defendants, in their official capacities, they are liable for the harm sustained by Elliott Funkhouser as they failed to adequately train, supervise and discipline all agents, servants, workmen, independent contractors and/or employees in a manner that would have prevented Elliott Funkhouser from being subjected to danger under circumstances presented above and herein.

97.     Defendants, each of them, whose actions, conduct and failure to act, placed Elliott Funkhouser in grave harm, are liable in their individual capacities for the injuries sustained.

98.     Plaintiffs, as Administrators of the Estate of Elliott Funkhouser, request damages on behalf of Elliott Funkhouser's heirs in accordance with 42 USC §1983.

99.     As a direct and proximate result of the violations of Elliott Funkhouser's civil rights, he was caused to suffer grievous physical injuries and death as set forth above and herein.

WHEREFORE, Plaintiffs demand judgment in their favor and against all Defendants, individually and/or jointly and severely, in excess of $150,000.00, exclusive of interest and costs, which sum includes but is not limited to:

      a.  A compensatory damage award.
      b.  Reasonable attorney's fees and costs.
      c.  Reasonable past medical and funeral expenses.
      d.  Past and future lost wages.
      e.  Damages for pain and suffering.
      f.  Compensation for the loss of his life.
      g.  Punitive damages against the individual Defendants.
      h.  All other damages recoverable under 42 U.S.C. §1983.
      i.  Such other and reasonable and just relief as is available under the law.

**COUNT II**
**CIVIL RIGHTS – 42 U.S.C. §1983**
**MONELL CLAIM**
**<u>Plaintiffs v. Defendants, Delaware County, GEO Group, Inc., Jail Oversight Board of Delaware County and George W. Hill Correctional Facility</u>**

100.    Plaintiffs incorporate the foregoing paragraphs as though fully set forth herein at length.

101.    Defendants, Delaware County, Geo Group, Inc., the Jail Oversight Board of Delaware County, and George W. Hill Correction Facility, were responsible for the safe detention of pre-trial detainees at the George Hill Correctional Facility, including, but not limited to Elliott Funkhouser.

102.    Defendants, Delaware County, Geo Group, Inc., the Jail Oversight Board of Delaware County, and George W. Hill Correction Facility, failed to provide policies, procedures, protocols and/or other employee training to ensure the safety of pre-trial detainees in the county jail, and in particular, policies, procedures, protocols and/or other employee training concerning how detainees should be assessed for harm to other inmates.

103.    Defendants, Delaware County, Geo Group, Inc., the Jail Oversight Board of Delaware County, and George W. Hill Correction Facility failed to provide policies, procedures, protocols and/or other employee training to ensure the safety of pre-trial detainees in the county jail, and in particular, policies, procedures, protocols and/or other employee training concerning detainees who are deemed a risk should be closely monitored to prevent harm to other inmates, and/or should be housed separately to prevent harm to other inmates.

104.    Said policies, procedures, protocols and/or other employee training are necessary for assessing and preventing the risk of serious injury including death to detainees such as Elliott Funkhouser while in the exclusive custody and control of Defendants.

105.    Defendants, Delaware County, Geo Group, Inc., the Jail Oversight Board of Delaware County, and George W. Hill Correction Facility failed to provide policies, procedures, protocols and/or other employee training to assess the safety needs of detainees such as Elliott Funkhouser, when under the sole custody and control of Defendants and monitoring procedures when detaining a pre-trial arrestee in the George Hill Correctional jail cell.

106.    Defendants, Delaware County, Geo Group, Inc., the Jail Oversight Board of Delaware County, and George W. Hill Correction Facility, despite being aware of the risk that fellow inmate, Shad Murray Bocella, posed to other inmates, did not make any changes to policies practices, and procedures or the housing of inmates that would prevent the inmate-on-inmate violence that resulted in the death of Plaintiff, Elliott Funkhouser.

107.    Defendants, Delaware County, Geo Group, Inc., the Jail Oversight Board of Delaware County, and George W. Hill Correction Facility, failure to enact the previously described policies, procedures, protocols and/or other employee training constituted denial of Elliott Funkhouser's constitutionally protected civil rights and demonstrate deliberate indifference to Elliott Funkhouser's safety needs and well-being needs, while in the exclusive control of Defendants and such actions resulted in the death of Elliott Funkhouser.

108.    The conduct of Defendants, Delaware County, Geo Group, Inc., the Jail Oversight Board of Delaware County, and George W. Hill Correction Facility, as set forth above, acting under color of state law, was intended to harm Elliott Funkhouser and was negligent, reckless and deliberately indifferent to the safety needs, health needs, well-being needs, medical needs and bodily integrity needs of Elliott Funkhouser and was committed in conscious disregard of the substantial risk and/or unjustifiable risk of causing harm including death to Elliott Funkhouser, and was conduct which arises to willful misconduct and/or gross negligence, and was so egregious as to shock the conscience.

109.   The conduct of Defendants, Delaware County, Geo Group, Inc., the Jail Oversight Board of Delaware County, and George W. Hill Correction Facility, as set forth above violated Elliott Funkhouser's constitutional rights while in exclusive custody.

110.   As a direct and proximate result of the acts and omissions of Defendants, Delaware County, Geo Group, Inc., the Jail Oversight Board of Delaware County, and George W. Hill Correction Facility, all Defendants are liable for the harm and death caused to Elliott Funkhouser.

111.   As it applies to Defendants, Delaware County, Geo Group, Inc., the Jail Oversight Board of Delaware County, and George W. Hill Correction Facility:

a.   They had actual or constructive knowledge that they and/or their subordinates were engaged in conduct which posed a pervasive and unreasonable risk of constitutional injury to Elliott Funkhouser under the circumstances previously described herein.

b.   Their response to that knowledge was so inadequate as to demonstrate deliberate indifference to or tacit authorization of the alleged dangerous and offensive practices pertaining to the detention of pre-trial detainees under the circumstances previously described herein; and

c.   The policy and custom of not abiding by or enforcing policies, if any, concerning the handling, monitoring, safety, assessment and well-being of detainees demonstrated deliberate indifference to and/or tacit authorization of the dangerous and offensive practices pertaining to the detention of pre-trial detainees including Elliott Funkhouser.

112.   These actions and/or inactions had a direct causal link to the constitutional injury, harm and death suffered by Elliott Funkhouser.

113.   Defendants, Delaware County, Geo Group, Inc., the Jail Oversight Board of Delaware County, and George W. Hill Correction Facility, developed and maintained a number of deficient policies and/or customs which caused the deprivation of Elliott

Funkhouser's constitutional rights aforesaid.  Said policies or customs were a direct and proximate cause of the constitutional harm, injuries and death suffered by Elliott Funkhouser as aforesaid.

114.    As a direct and proximate result of the violation of Elliott Funkhouser's civil and constitutional rights, he was caused to suffer grievous physical injuries including death as set forth above and herein.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, Delaware County, Geo Group, Inc., the Jail Oversight Board of Delaware County, and George W. Hill Correction Facility, in excess of $150,000.00, exclusive of interest and costs, which sum includes, but is not limited to:

a.    A compensatory damage award.
b.    Reasonable attorney's fees and costs.
c.    Reasonable past medical and funeral expenses.
d.    Past and future lost wages.
e.    Damages for pain and suffering.
f.    Compensation for the loss of her life.
g.    Punitive damages against the individual Defendants.
h.    All other damages recoverable under 42 U.S.C. §1983.
i.    Such other and reasonable and just relief as is available under the law

**COUNT III**
**42 U.S.C. §1983 – INADEQUATE SUPERVISION**
**Plaintiffs v. All Defendants**

115.    Plaintiffs incorporate the foregoing paragraphs as though fully set forth herein at length.

116.    At all times relevant to this action, Defendants were required to supervise and ensure the safety of individuals in their custody such as Elliott Funkhouser.

117.   At all times relevant to this action, Defendants were required to supervise inmates that posed a risk to other inmates, such as Shad Murray Boccella.

118.   Defendants failed to adequately supervise Plaintiff, Elliott Funkhouser, or the inmate who caused his death, Shad Murray Boccella.

119.   The failure on behalf of these Defendants to adequately supervise Elliott Funkhouser and Shad Murray Boccella amounted to deliberate indifference to the fact that inaction would obviously result in the violation of Elliott Funkhouser's civil rights described herein.

120.   As a direct and proximate result of the aforementioned violations of Elliott Funkhouser's civil and constitutional rights, Plaintiffs have sustained the injuries, damages and ultimately death as described herein.

WHEREFORE, Plaintiffs demand judgment in their favor and against all Defendants, individually and/or jointly and severely, in excess of $150,000.00, exclusive of interest and costs, which sum includes, but is not limited to:

      a.  A compensatory damage award.
      b.  Reasonable attorney's fees and costs.
      c.  Reasonable past medical and funeral expenses.
      d.  Past and future lost wages.
      e.  Damages for pain and suffering.
      f.  Compensation for the loss of her life.
      g.  Punitive damages against the individual Defendants.
      h.  All other damages recoverable under 42 U.S.C. §1983.
      i.  Such other and reasonable and just relief as is available under the law.

**PENNSYLVANIA WRONGFUL DEATH AND SURVIVOR ACT**
**Estate of Elliott Naythan Funkhouser Sr.  v. All Defendants**

121.     Plaintiffs incorporate the foregoing paragraphs as though fully set forth herein at length.

122.     As a direct result of the Defendants' actions, Elliott Funkhouser suffered the injuries, damages, and untimely death described herein.

123.     The Estate of Elliott Naythan Funkhouser Sr. seeks damages under 42 Pa.C.S. §8301 et seq. for wrongful death and 42 Pa.C.S. §8301 et seq. for survivor damages, including but not limited to, the loss of her services, protections, care, future income, assistance, society, companionship, comfort, guidance, counsel and advice, as well as for their severe emotional distress and mental health anguish caused by this loss, as well as for funeral expenses and damages.

WHEREFORE, Plaintiffs demand judgment in their favor and against all Defendants, individually and/or jointly and severely, in excess of $150,000.00, exclusive of interest and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment in their favor and against all Defendants, individually and/or jointly and severely, in excess of $150,000.00, exclusive of interest and costs, which sum includes but is not limited to:

        a.  A compensatory damage award.
        b.  Reasonable attorney's fees and costs.
        c.  Reasonable past medical and funeral expenses.
        d.  Past and future lost wages.
        e.  Damages for pain and suffering.
        f.  Compensation for the loss of her life.
        g.  Punitive damages against the individual Defendants.
        h.  All other damages recoverable under 42 U.S.C. §1983;

    i.   Damages pursuant to Pennsylvania Wrongful Death Act, 42 Pa.C.S. §8301.

    j.   Damages pursuant to the PA. Survival Act, 42 Pa.C.S. §8302; and

    k.   Such other and reasonable and just relief as is available under the law.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all claims and issues so triable.

Respectfully submitted,

Date: 3/13/2024     BY:   */s/ Michael LaRosa*
                          MICHAEL LaROSA, ESQUIRE
                          Attorney ID Number: 50011
                          LaRosa Law Firm
                          959 West Chester Pike
                          Havertown, PA 19083
                          Phone: 610-924-0999
                          Fax: 610-924-0473
                          Email: ml@larosalawfirm.com
                          Counsel for Plaintiffs

## VERIFICATION OF PLAINTIFF DIANE MARIE FUNKHOUSER

I, **Diane Marie Funkhouser, Executrix of the Estate of Elliott Nathanal Funkhouser Sr.**, do herein swear and affirm Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint:

    (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
    (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law.
    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
    (4) the complaint otherwise complies with the requirements of Rule 11.

Date: 3/13/2024

**DIANE MARIE FUNKHOUSER**
Executor of the Estate of
Elliot Funkhouser.