**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ESTATE OF ELLIOTT NAYTHAN FUNKHOUSER, SR. BY AND THROUGH DIANE MARIE FUNKHOUSER, ADMINISTRATOR OF THE ESTATE OF ELLIOTT NAYTHAN FUNKHOUSER, SR., | : <br> : <br> : <br> : CIVIL ACTION <br> : NO. 2:24-cv-1091 <br> : |
| Plaintiffs, | : **JURY TRIAL DEMANDED** <br> : |
| v. | : <br> : |
| DELAWARE COUNTY; GEO GROUP, INC.; Joint Ex.IL AND OVERSIGHT BOARD OF DELAWARE COUNTY PENNSYLVANIA; LAURA WILLIAMS; MICHAEL MOORE; SGT. MOHAMMED FAKOLEE; S. BROWNELL; WELLPATH LLC; KRISTEN GRADY; SERENE EDDY; NINA CHYCHULA and MEGAN GILBERT, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : <br> : |

**MEMORANDUM OF LAW IN SUPPORT OF THE UNOPPOSED JOINT MOTION OF DEFENDANTS AND PLAINTIFF SEEKING LEAVE TO FILE UNDER SEAL CONFIDENTIAL DOCUMENTS AND EXHIBITS ATTACHED TO THE PARTIES' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF AND/OR IN OPPOSITION THERETO.**

Plaintiff and Defendants, by and through their attorneys, hereby file the herein Joint Motion pursuant to USDC ED PA Local Rules 5.1.3 and 5.1.5  and the Pennsylvania Mental Health Procedures Act 50 P.S. § 7111 (MHPA) to file under seal "Confidential" and Attorneys' Eyes Only" documents currently under the protection of the June 25, 2024 Protective Order (ECF No. 41). See Exhibit A.

Plaintiff and Defendants jointly aver in support of the herein uncontested joint motion for leave to file documents under seal pursuant to U.S.D.C ED PA Local Rules 5.1.3 and 5.1.5 , the Mental Health

11

Procedures Act 50 P.S. §7111, and the June 25, 2024 Discovery Confidentiality Agreement and Order (ECF 41) as follows:

## I.   **INTRODUCTION**

On June 25, 2024, (ECF 41) this Honorable Court entered an uncontested Joint Discovery Confidentiality Agreement and Order attached hereto and marked as Exhibit A.

The June 25, 2024 Court Order attached hereto as Exhibit A, permitted any party to the litigation or third party covered by the Agreement, who produces any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, to mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVER CONFIDENTIALITY AGREEMENT."   See, Exhibit A, Para. 2.   In paragraph 3 of the Court Order, the parties agreed that "[a]ny party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" ("AEO") and subject to this Agreement any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to any individual or the business or competitive position of the designating party.

Some of the records marked "Confidential" and/or "Attorneys Eyes Only" in addition to the protection of the mutually agreed upon Confidentiality Agreement and Protective Order dated June 25 2024 (ECF Doc. No. 41), consist of Medical and Mental Health Records of Plaintiff and Shad Boccella that are also protected from disclosure pursuant to the Mental Health Procedures Act 50 P.S. §7111l. See, *Hahnemann University Hosp. V. Edgar*, 74 F.3d. 456 (3d. Cir. 1996).

The Parties to this litigation as well as the Court specifically limited the use of the scope of the "Confidential" and "Attorneys' Eyes only" documents in paragraph 5(a)-(g) of the Protective order. See Exhibit A, Para 5(a)-(g).

12

In addition, Paragraph 10 of the Confidentiality and Protective Order attached hereto as Exhibit A specifically required, "[i]f a party files a document designated "Confidential" or "Attorneys' Eyes Only", then the party shall seek leave from the Court to file such document under Seal.   See Exhibit A, Para. 10.

## II.    <u>MATTERS BEFORE THE COURT</u>

Before this Honorable Court is the unopposed Joint Motion of all Parties, pursuant to U.S.D.C. ED PA Local Rules 5.1.3 and 5.1.5, and the Pennsylvania Mental Health Procedures Act 50 P.S. § 7111 (MHPA) to file under seal "Confidential" and "Attorneys' Eyes Only" documents currently under the protection of June 25, 2024 Court Ordered Protective Order that are attached as Exhibits to the Parties' Joint Statement of Undisputed Facts in support of the Parties' Motions for Summary Judgment as well as the Parties' deposition transcripts citing to "Confidential" and "Attorneys Eyes Only" information.

In addition, the Parties jointly seek to file under seal, the joint Statement of Undisputed Material Facts; Motion for Summary Judgment; and any Memorandum of Law in support and/or in opposition to the Motion for Summary Judgment that contains citations to any and/or all "Confidential" and/or "Attorneys Eyes Only" information.

## III.    LEGAL ARGUMENT

**This Honorable Court should grant the herein Unopposed Joint Motion pursuant to Local  Rules 5.1.3 and 5.1.5  and the Pennsylvania Mental Health Procedures Act 50 P.S. § 7111 (MHPA) to file under seal "Confidential" and Attorneys' Eyes Only" documents currently under the protection of the June 25, 2024 Protective Order executed by Hon. Judge Wolson (ECF No. 41) as well as, any Deposition Transcript, Motion for Summary Judgment; Memorandum of Law in support thereof and/or in opposition thereto that cites to "Confidential" and/or "Attorneys Eyes Only information.**

The Plaintiff and Defendants seek leave of court to Seal the documents marked "Confidential" or "Attorneys' Eyes Only"; the Parties' deposition transcript that are attached as exhibits to the Joint Stipulation of Undisputed Facts that contain "Confidential" and/or

13

"Attorneys Eyes Only" testimony as well as the actual Statement of Undisputed Facts, Motion for Summary Judgment and Memorandum of Law in support and/or opposition thereto that also contains "Confidential" and "Attorneys Eyes Only" information.

USDC ED PA Local Rule 5.1.3 specifically sets forth that:

"Personal identifiers such as Social Security numbers, dates of birth, financial account numbers, and names of minor children must be modified or partially redacted in all documents filed wither in paper or electronic form, except that financial account numbers that identify accounts allegedly subject to forfeiture and real property addresses that identify property allegedly subject to forfeiture need not be redacted."

In addition, Local Rule 5.1.5 – "Documents Filed Under Seal" specifically sets forth that:

(a)  A document in a civil action may be filed under seal only if:

   (1)  the civil action is brought pursuant to a federal statute that prescribes the sealing of the record or of certain documents; or

   (2)  The court orders the documents sealed.

(b)  Where a document is sealed pursuant to a federal statute, the continued status of the document under seal shall be governed by the relevant federal statute.

(c)  If no statute governs, the continued status of the document is subject to the following sections:

   (1)  when a document is sealed pursuant to a court order, the court may specify an appropriate date in the future when the document may be unsealed.

   (2)  If the Court has not specified the date for the document to be unsealed, following the conclusion of the action including all appeals, or during the pendency of the action for good cause shown, a party seeking access may petition the Court to unseal the document, provided that at least sixty (60) days' notice is given to the party which originally requested sealing of the document by court order.  The Court may shorten the notice period for good cause shown.

Local Rules 5.1.3  and 5.1.5 contemplates and supports the herein Joint Unopposed Motion for Leave to file the "Confidential" and "Attorneys' Eyes Only" documents under seal.

The Third Circuit addressed the applicable standard for granting a Motion to Seal, providing a detailed recitation of the law as follows:

14

"A document filed with a district court becomes a judicial record." *N. Jersey Media Grp, Inc. v. United States,* 836 F.3d. 421, 434 (3d. Cir. 2016) (*quoting In Re Cendant Corp.,* 260 F.3d 183, 192 (3d Cir. 2001)), It is well established in our Circuit that the public has a 'strong common law presumption of access' to judicial records. See *Leucadia, Inc. v. Applied Extrusion Techs., Inc.,* 998 F.2d. 157, 165 (3d Cir. 1993). This promotes 'confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court.' *In re Avandia Mktg, Sales Practices & Prods, Liab. Litig.,* 924 3d 662, 672 (3d Cir. 2019) (internal quotation marks omitted). It also gives the public 'a more complete understanding of the judicial system and a better perception of its fairness. *Id.* (internal quotation marks omitted). Though a party may overcome this strong presumption by showing the right is outweighed by 'compelling, Countervailing interests,' the 'common law right of access begins with a thumb on the scale in favor of openness. *Id.* at 672, 676. The party moving to seal documents must name a specific injury to be prevented –" [b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient. *Id.* at 673(internal quotation marks omitted)."

*Fed. Trade Comm'n v. Thomas Jefferson Univ. No. 21, 1817, 2021 (3d. Cir. 16 Feb. 2022).*

The "thumb on the scale," must be weighed against several factors set forth by the Third Circuit, particularly when those same documents contain privileged, improper and scandalous averments and information.

The Third Circuit has enumerated a list of factors to weigh against the importance of the publics access to an open docket in determining whether to grant Plaintiffs' requested relief, being:

(1) Whether or not disclosure will violate any privacy interests;

(2) Whether the information is for legitimate purpose;

(3) Whether the information will cause embarrassment;

(4) Whether the information is important to public health and safety;

(5) Whether the sharing of information will promote fairness and efficiency; and,

(6) Whether the benefitting party is a public entity or official.

*Pansy v. Borough of Stroudsburg,* 23 F.3d. 772 (3d. Cir. 1994), citing *Glenmede Trust Co. v. Thompson,* 56 F.3d 476 (3d Cir. 1995); See also *Shingara v. Skiles,* 420 F.3d 301 (3d. Cir. 2005). The

15

Third Circuit holding in *Pansy*, has been held to apply to all issues of confidentiality be they a motion to seal or a motion for protective order, which the "Courts have an 'inherent equitable power' to grant for good cause shown". *EEOC v. Kronos, Inc.* 630 F.3d 287, 302, (3d. Cir. 2010) quoting *Pansy,* 23 F.3d at 786.

The Third Circuit applies three distinct standards when considering various challenges to the confidentiality of documents. The Third Circuit applies the factors articulated in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 783–92 (3d Cir. 1994), when the Court reviews orders preserving the confidentiality of discovery materials pursuant to Federal Rule of Civil Procedure 26. However, the Third Circuit applies a more rigorous common law right of access when discovery materials are filed as court documents. In addition to recognizing fewer reasons to justify the sealing of court records, the public right of access—unlike a Rule 26 inquiry—begins with a presumption in favor of public access. *Goldstein v. Forbes (In re Cendant Corp.*), 260 F.3d 183, 192–93 (3d Cir. 2001). Finally, the First Amendment right of public access attaches to *inter alia*, civil trials. *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1061 (3d Cir. 1984). See *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662, 670 (3d Cir. 2019).

Some of the records marked Confidential and/or "Attorneys Eyes Only" in addition to the protection of the mutually agreed upon Confidentiality Agreement and Protective Order dated June 25 2024 (ECF Doc. No. 41) consist of Medical and Mental Health Records of Elliot Funkhouser and Shad Boccella that are also protected from disclosure pursuant to the Mental Health Procedures Act 50 P.S. §7111l.  See, *Hahnemann University Hosp. V. Edgar*, 74 F.3d. 456 (3d. Cir. 1996).

It is necessary for the parties to file "Confidential" and/or Attorneys' Eyes Only" marked documents as Exhibits to the Joint Stipulation of Undisputed Facts as these documents may already be protected pursuant to the June 25, 2024 Court Order and Protective Order. (ECF Doc. No. 41). The filling of this unopposed and joint Motion for Leave to file these documents under seal are authorized by

16

and contemplated by the parties and this Honorable Court by the June 25, 2024 Protective Order.  See

Exhibit A.

The categories of documents protected by the Unopposed Stipulated Protective Order entered by

the court and the categories of documents marked "Confidential" and "Attorneys' Eyes Only" that will

be placed under Seal pursuant to the entry of the proposed Order attached hereto are:

(a)    Elliot Funkhouser's and Shad Boccella's prison and Medical and Mental Health Records protected by the Pennsylvania Mental Health Procedures Act 50 P.S. §7111;

(b)    GEO and Delaware County Policies and Procedures Regarding Inmate Housing Classification; and,

(c)    Photographs and/or Videos, and/or disclosure of building layouts, dayrooms, egresses, and exist points of the George W. Hill Prison,  whether depicted in drawings, photographs, or videos of the Prison.

Therefore, pursuant to this Joint and Unopposed Motion for Leave to File Documents under seal

pursuant to the Court's Protective Order of June 25, 2024, the parties to this litigation respectfully

request that this Honorable Court place the documents specifically and individually identified in the

herein Motion for Leave to Seal and that are attached to the Parties' Joint Statement of Undisputed Facts

in support of the Parties' Motion for Summary Judgment that are  marked "Confidential" and/or

"Attorneys' Eyes Only" under seal.

The Parties further specifically request that this Honorable Court place under seal the Parties'

deposition transcripts that include testimony containing "Confidential" and "Attorneys Eyes Only"

information as well as the Parties' Statement of Undisputed Facts, Motion for Summary Judgment and

Memorandum of Law in support thereof, and any Memorandum of Law in Opposition thereto, wherein

the parties cite to "Confidential" and "Attorneys Eyes Only" information.

The records are clear that Disclosure of any of the "Confidential" and/or "Attorneys Eyes Only"

information currently protected by the June 25, 2024 protective order; the deposition transcripts of the

Parties' testimony involving the "Confidential" and "Attorneys Eyes Only" information as well as the

17

Statement of Undisputed Facts, Motion for Summary Judgment and Memorandum of Law in support thereof, in which the Parties cite to "Confidential" and "Attorneys Eyes Only" information will work *a clearly defined and serious injury* to the Estate of Elliot Funkhouser, Shad Boccella, and Defendants, Delaware County, The Geo Group, Inc. and the Wellpath Individual Medical Providers as the records are clearly protected by the Pa. Mental Health Procedures Act. 50 P.S. §7111.  In addition, unauthorized and/or public disclosure of the documents will also violate the privacy rights of the Estate of Elliot Funkhouser and Shad Boccella and violate the public interest in preserving the privacy of medical and mental health records of individuals.  In addition, public production of the "Confidential" and "Attorneys Eyes Only" records could violate the safety and public health by disclosing confidential information regarding the operations and functioning of the George W. Hill Correctional Facility, Delaware County Prison Board and Delaware County. See *Warluft v. Milton Hershey School and School Trust*, USDC MD Pa. 2020 ML 1124771 (March 6, 2020) citing  *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662, 672 (3d Cir. 2019)  quoting *Miller v. Ind. Hosp.,* 16 F.3d 549, 551 (3d Cir. 1994) (internal quotations omitted))(emphasis added).

**WHEREFORE,** Plaintiff and Defendants hereby jointly request that this Honorable Court enter the proposed Order, granting Plaintiff and Defendants' unopposed and joint Motion for leave to file under seal: (1) Elliot Funkhouser's and Shad Boccella's Medical and Mental Health Records and GEO and Delaware County Prison Records protected by the Pennsylvania Mental Health Procedures Act, 50 P.S. §7111; (2) GEO and Delaware County Policies and Procedures regarding Inmate Housing Classification; (3) Photographs and/or Videos, and/or disclosure of building layouts, dayrooms, egresses, and exists points of the George W. Hill Correctional Facility, whether depicted in drawings, photographs, or videos of the prison; (4) deposition transcripts where the deponent's testimony refers to "Confidential" and "Attorneys Eyes Only" documents attached as Exhibits in support of the Joint Stipulation of Undisputed Facts in support of the Parties' Motion for Summary Judgment, memorandum

18

of law in support thereof or in opposition thereto.    and/or, (5) Un-redacted Stipulation of Undisputed facts, Motion for Summary Judgment, Memorandum of Law In Support of the Motion for Summary Judgment and/or Memorandum in Opposition thereto containing cites to "Confidential" and/or "Attorney Eyes Only" information.

**BURNS WHITE LLC**

Date: June 8, 2026              By:    /s/ William J. D'Annunzio
                                       Stuart T. O'Neal, Esquire (*PA ID: 89097)*
                                       William J. D'Annunzio, Esquire
                                       (*PA ID: 80223)*
                                       Kenneth H. Rafferty, Esquire
                                       (*PA ID: 331855)*
                                       1001 Conshohocken State Road
                                       West Conshohocken, PA 19428
                                       Phone: (484) 567-5754; Fax: (484) 567-5701
                                       Email: mailto:drjohnson@burnswhite.com
                                       Email: wjdannunzio@burnswhite.com
                                       Email: khrafferty@burnswhite.com
                                       ***Attorneys for Defendants,***
                                       ***Kristen Grady, Serene Eaddy(incorrectly***
                                       ***Identified as "Serene Eddy")**, **Nina Chychula** and*
                                       ***Meghan Gilbert (incorrectly identified as "Megan***
                                       ***Gilbert")***

Date: June 8, 2026              By:    /s/ Jeffrey M. Scott
                                       Jeffrey M. Scott, Esquire
                                       Archer & Griener, P.C.
                                       Three Logan Square
                                       1717 Arch Street, 35th Floor
                                       Philadelphia, PA 19103
                                       Attorneys for Defendants Delaware County,
                                       Jail Oversight Board, Laura Williams,
                                       Michael Moore and Mohammed Fakolee.

Date: June 8, 2026              By:    /s/ Suzanne McDonough
                                       Suzanne McDonough, Esquire
                                       Holstein Associates, P.C.
                                       115  N. Jackson Street
                                       Media, PA 19063
                                       Attorneys for Defendant, GEO Group, Inc.

Date: June 8, 2026              By:    /s/Michael LaRosa

19

Michael LaRosa, Esquire
LaRosa Law Firm
959 West Chester Pike
Havertown, PA 19083
Attorney for Plaintiff, the Estate of
Elliot Funkhouser

20